**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 11 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| ELIZABETH NYASH NYAMBURA, | No. 10-71117 |
| Petitioner, | Agency No. A088-950-370 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 9, 2011[**]
Seattle, Washington

Before: McKEOWN, FISHER, and GOULD, Circuit Judges.

Elizabeth Nyash Nyambura petitions for review of an order of the Board of

Immigration Appeals ("BIA") affirming the decision of the Immigration Judge

("IJ") denying her application for asylum, withholding of removal, and protection

under the Convention Against Torture ("CAT"). We have jurisdiction to review

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

final orders of removal under 8 U.S.C. § 1252.  Where, as here, the BIA conducts its own review of the evidence, we limit our review to the BIA's decision. Shrestha v. Holder, 590 F.3d 1034, 1039 (9th Cir. 2010).  We review the BIA's factual findings for substantial evidence and reverse only if the evidence compels a contrary conclusion.  INS v. Elias-Zacarias, 502 U.S. 478, 481 & n.1 (1992).

The BIA denied Nyambura's asylum claim as time-barred.  We lack jurisdiction to review the agency's finding as to the filing deadline because Nyambura has not raised a question of law or constitutional issue on appeal.  See Ramadan v. Gonzales, 479 F.3d 646, 649-50 (9th Cir. 2007).

The BIA denied Nyambura's withholding of removal claim, finding that her rape did not constitute past persecution on account of a protected ground.  To demonstrate eligibility for withholding of removal, the applicant must show persecution on account of an enumerated ground:  race, religion, nationality, membership in a particular social group, or political opinion.  8 U.S.C. § 1101(a)(42).  Substantial evidence supports the BIA's finding that Nyambura is not eligible for withholding of removal because Nyambura did not present any evidence that she was raped due to her membership in a particular social group or on account of another protected ground.  Cf. Silaya v. Mukasey, 524 F.3d 1066,

1072 (9th Cir. 2008) (rape may constitute persecution where the perpetrators know the identity of the victim and indicate their motive is related to a protected ground).

The BIA's conclusion that Nyambura does not face a clear probability of future persecution in the form of forced female genital mutilation to herself or her daughter is also supported by substantial evidence, particularly because Nyambura lived openly in Kenya for one year following the only direct threat against her, and her daughter has remained in Kenya unharmed for years. See Lim v. INS, 224 F.3d 929, 938 (9th Cir. 2000) (reasoning that because Lim stayed in the Philippines for six years without harm and his family remains there unharmed, cannot say that persecution is more likely than not).

Substantial evidence also supports the BIA's denial of protection under CAT because Nyambura based her claim for CAT relief on the same facts and evidence as her claim for withholding of removal and likewise did not establish that she would more likely than not be tortured if returned to Kenya. See Tamang v. Holder, 598 F.3d 1083, 1095 (9th Cir. 2010) (concluding where petitioner does not meet burden for withholding of removal, same evidence is also not sufficient to show eligibility under CAT).

**PETITION DISMISSED IN PART AND DENIED IN PART.**